PER CURIAM.
A real estate broker appeals a fine imposed and reprimand issued by the Florida Real Estate Commission (FREC). We affirm the commission’s order.
Broker Wallen held an escrow deposit which became the subject of a dispute between a buyer and seller. Wallen requested an escrow disbursement order from FREC on how the funds should be disbursed. Six months later, FREC responded that because of disputed facts, it could not issue the order. FREC’s letter advised Wallen to immediately choose one of the two alternatives available for the resolution of such disputes under section 475.-25(l)(d)l., Florida Statutes (1989), i.e., arbitration or adjudication of the matter by a court.
Thereafter, Wallen secured the buyer’s consent to arbitration. Sometime later the seller agreed to arbitration but requested more information from FREC. Upon receipt of seller’s request for clarification, some five months after FREC’s advice to Wallen to immediately choose a course of action, the Department of Professional Regulation initiated these proceedings in a four-count administrative complaint. This complaint was amended to reflect a single claim of violation of section 475.25(l)(d) upon stipulation by Wallen, withdrawing his request for a formal hearing and electing to have the amended administrative complaint heard informally by FREC. The commission determined that Wallen had violated section 475.25(l)(d) in failing to timely institute either arbitration or civil action. The commission issued a reprimand and imposed a $300 fine.
The broker claims he was entitled to rely solely upon FREC’s initial advice letter instructing Wallen to “choose” between arbitration and court action. Having “chosen” arbitration, Wallen argues he was exculpated from blame for any delay in the return of escrow funds. We disagree.
Because he is a broker, Wallen is charged with knowledge of chapter 475, which controls the actions of real estate brokers, salesmen, schools, and appraisers, and the specific pertinent provisions thereof which require him to take prompt action to account or deliver those funds he is not entitled by law to retain. Under the commission’s authority to construe this chapter’s statutes and rules and implement them, we cannot say that the commission abused its authority in determining that *976 where, as in the instant case, the broker waited over a year before commencing an interpleader action, he had failed to act “promptly” as required by the statute.
Wallen knowingly and willingly entered into a stipulation admitting the material facts as alleged in the amended administrative complaint.[1] By his own consent, the formal hearing provided by section 120.-57(1), Florida Statutes (1989), was dispensed with in favor of resolution before FREC pursuant to section 120.57(2). Furthermore, the disciplinary action ordered by FREC was substantially below that minimum authorized by Rule 21 V-24.001(3) of the Florida Administrative Code.
Accordingly, the commission’s decision is affirmed.

. We agree with Wallen that the fact that he is a member of the bar is irrelevant to the resolution of this dispute. However, we find no evidence that the commission based its decision in any part on that status.